IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BMF GROUP, LLC d/b/a<br>BMF INDUSTRIES<br><br>*Plaintiff*,<br><br>vs.<br><br>ENERGY VAULT, INC. and<br>CROSS TRAILS ENERGY STORAGE<br>PROJECT, LLC.<br><br>*Defendants*. | § § § § § § § § § § § § § | CASE NO. 5:23-cv-00215 |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BMF Group, LLC d/b/a BMF Industries ("BMF" or "Plaintiff"), files this Amended Complaint against Energy Vault, Inc., sometimes referred to as Energy Vault Holdings, Inc. ("Energy Vault") and Cross Trails Energy Storage Project, LLC ("Cross Trails") (collectively "Defendants"), and in support thereof would respectfully show the Court the following:

### I.     Jurisdiction and Venue

1.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between BMF and all Defendants, and the amount in controversy exceeds $75,000.

2.     All of BMF's members were citizens of the State of Texas at the time this Amended Complaint was filed. BMF is therefore a citizen of Texas for purposes of diversity.

3.     Energy Vault is a Delaware corporation with its principal place of business in California. Energy Vault is a citizen of Delaware and California for purposes of diversity.

4.     Cross Trails is a Delaware limited liability company. Upon information and belief, Cross Trails' sole member is Enel Kansas, LLC, whose sole member is Enel Green Power North America, Inc., which is incorporated in Delaware and maintains its principal place of business in Massachusetts. For purposes of diversity, Cross Trails is a citizen of Delaware and Massachusetts. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

5.     Defendants Cross Trails and Energy Vault are citizens of the states of California, Delaware, and Massachusetts. Neither Defendant is a citizen of the State of Texas and there is complete diversity of citizenship between BMF and Defendants.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 which states that a civil action may be brought in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is subject of the action is located. In this case, the underlying lawsuit that is the basis of this Amended Complaint involves real property that is located in Scurry County, Texas. This Court is the Court for the district and division where the subject real property is located.

## II.     PARTIES

7.     Plaintiff **BMF Group, LLC d/b/a BMF Industries** is a Texas limited liability company.

8. Defendant **Energy Vault, Inc.** is a foreign corporation organized under the laws of the Delaware.

9. Defendant **Cross Trails Energy Storage Project, LLC** is a foreign limited liability company organized under the laws of Delaware

### III.   FACTS

10. Publicly traded company Energy Vault, known for its renewable energy storage solutions, endeavored with Cross Trails to build the gravity storage facility known as the Energy Vault Storage Facility Project in Scurry County, Texas located at 9201 Camp Springs Rd., Hermleigh, Texas 79526 ("Project").

11. Upon information and belief, Cross Trails is affiliated with Enel Green Power North America, Inc. d/b/a Enel North America ("Enel"). Upon information and belief, Energy Vault entered into an agreement with Cross Trails or another Enel affiliate that owns the real property where the Project is located. Upon information and belief, pursuant to the terms of the agreement between Energy Vault and Cross Trails, Energy Vault would take possession of Cross Trails' real property as to construct the Project for the benefit of Cross Trails. Upon information and belief, the agreement between Cross Trails and Energy Vault was a sham contract: in reality, it was intended to attempt to shield the Project from lien claims asserted by unpaid contractors like Plaintiff BMF. Upon further information and belief, Energy Vault acted as agent for its principal and owner of the Project, Cross Trails (an Enel affiliate). Thus, upon information and belief, Energy Vault and Cross Trails were one in the same for all intents and purposes related to the Project.

12. BMF generally serves as a general contractor for commercial, industrial and renewable energy construction projects.

13. Defendant Energy Vault sought BMF's services and requested a bid proposal for BMF to serve as the general contractor for the Project. After receiving the proposal that was requested from BMF, Energy Vault hired BMF as the general contractor for the Project (the "Agreement"). BMF was responsible for overseeing the construction of the Project in exchange for payment for such work.

14. Upon information and belief, Energy Vault and Cross Trails collectively agreed to hire BMF for the Project and Energy Vault acted in accordance with Cross Trails' agreement and the parties' collective Project venture.

15. Pursuant to the Agreement, BMF provided certain goods and services and submitted invoices to Defendant Energy Vault for same. Upon information and belief, Cross Trails or one of its affiliate companies with Enel, participated in the process of paying BMF's invoices. Initially BMF was paid for some of the goods and services, but for the past several months Energy Vault and/or Cross Trails have failed and refused to pay for all good and services provided by BMF.

16. On information and belief, Energy Vault was working under a business arrangement with Cross Trials and or Enel that would provide funding for the Project. However, after BMF had already provided millions of dollars in general contracting services and materials for the improvement of the Project, upon information and belief, the arrangement between Energy Vault and Cross Trails and/or Enel (or one or more of their affiliates) soured and instead of paying BMF as agreed, Energy Vault alone or in conjunction with Cross Trails and Enel chose to create baseless reasons to delay paying BMF despite BMF properly tendering invoices and proper backup supporting all such charges. After months of delays, Energy Vault ceased paying BMF and began to cut BMF out of the Project entirely forcing BMF to demobilize and to seek to mitigate its losses.

Upon information and belief, Energy Vault and Cross Trials and/or Enel unilaterally changed the entire plan for the Project and, instead of paying BMF for the work and materials it has already provided, seek to pass the cost of changing the Project on to its general contractor and its subcontractors and vendors.

17. In fact, rather than paying BMF for the services and materials that it provided as the general contractor for the Project and allowing BMF to pay its subcontractors and vendors as agreed, Energy Vault refused to pay the funds owing to BMF, forced BMF to front and fund millions of dollars for the Project and left BMF holding the bag for the numerous subcontractors and vendors that provided labor and materials for the Project. In short, it now appears that Energy Vault and Cross Trials and/or Enel attempted to paper over its funding woes by financing the Project on BMF's back.

18. After months of delays and refusal to pay BMF, Energy Vault ostensibly knew that it needed certain vendors support. For example, Energy Vault needed the various crane companies to carry on executing its newly derived plans for the Project. As a result, upon information and belief, Energy Vault opted to string BMF and other subcontractors along with fraudulent offers to advance the Project. At one point, Energy Vault and its general counsel, Dan Gunning, expressly represented to BMF that Energy Vault did not dispute significant sums of money owed to numerous vendors. Mr. Gunning specifically asked BMF to work with its subcontractors and vendors so that BMF and the subcontractors and vendors would execute direct pay agreements under the affirmative representation that Energy Vault would pay those entities directly. Mr. Gunning's representations on behalf of Energy Vault were false: there was never any intention for Energy Vault to perform as represented. Upon information and belief, Energy Vault knew those representations to BMF were false when made, specifically, Energy Vault knew it would not be

able to continue to fund the Project because its relationship with its source of funding – Cross Trails and/or Enel – had soured and, thus, Energy Vault was no longer receiving funding for the Project. BMF relied upon such representations to its detriment, maintained additional man power on site to ensure ongoing progress, thereby incurring additional costs and losing profits, all while Energy Vault had no intention of ever performing.

19. Energy Vault strung BMF and its subcontractors and vendors along and wholly failed to do as promised. Despite repeated requests for explanations, update of payments allegedly to be made, and other information, Energy Vault and its representatives have stonewalled BMF.

20. Additionally, instead of paying BMF and/or all subcontractors and vendors as promised, Energy Vault continues to use dilatory tactics to refuse and avoid paying all amounts due and owing. Such efforts include, for example, the fact that Energy Vault has purported to reject certain materials that it expressly requested, partially designed through its inhouse engineering and expressly approved for production. Such tactics are simply another transparent effort to circumvent its obligations to BMF.

21. To make matters worse, Energy Vault's dishonest conduct does not end with its direct false statements to BMF and other subcontractors or vendors. Energy Vault, is clearly aware of the amounts due and owing to BMF and its subcontractors and vendors. In fact mechanic's liens filed in the Scurry County public records in June show that Energy Vault owed nearly one million dollars to BMF just for the month of March. *See* the Lien Affidavit and Claim recorded June 26, 2023 included as part of Exhibit B. Notwithstanding such reality, Energy Vault nevertheless touted to its investors in its Second Quarter 2023 Financial Highlight as having "**zero debt as of June 30, 2023**."

**Second Quarter 2023 Financial Highlights**

- Revenue of $39.7 million, in-line with Company expectations, from continued progress on US based energy storage projects. Reflects an approximate $15 million shift from Q2 into Q3 related to a customer-driven site mobilization change with no impact to final Commercial Operation Date ("COD").
- GAAP gross margin of 9.9%, or $3.9 million, driven by the Company's BESS project activity during the quarter. Gross margin for the six months ended June 30, 2023 is 12.5%.
- Net loss of $(26.2) million.
- Adjusted EBITDA of $(18.0) million reflecting management focus on minimizing operating expenses with roughly flat sequential growth.
- Total cash and cash equivalents on the balance sheet of $165.0 million and zero debt as of June 30, 2023.
- Reaffirm full year 2023 financial guidance, including revenue of $325 million to $425 million, gross margin of 10% to 15%, and adjusted EBITDA of $(50) million to $(70) million.

A copy of Energy Vault's Second Quarter 2023 Earnings Results, published August 8, 2023 is attached hereto as **Exhibit "A"** and incorporated by reference herein. BMF filed its lien affidavit with the specific intent of securing and perfecting its interest in BMF's property because of Energy Vault's unpaid and outstanding debt.

22.    BMF has made extensive efforts over the past months aimed at resolving the amounts owed to it, but those efforts have been met with avoidance and unwillingness to truly engage. Instead, BMF was met with Energy Vault's efforts designed to avoid paying BMF and forcing BMF to bear the burden as an involuntary financer of the Project.

23.    Energy Vault now asserts that some purported lease of the Project premises terminated on August 11, 2023.  Upon information and belief, Energy Vault is still in possession of the Project premises and continues to work to complete the project.  Upon information and belief, Energy Vault continues to seek financing from Cross Trials and/or Enel.  Upon information and belief, none of Cross Trails, Enel or any other affiliate have demanded that Energy Vault return possession of the Project premises.  Upon information and belief, no entity purporting to own the Project premises has commenced a legal action in the justice of the peace court in Scurry County, Texas for forcible detainer against Energy Vault.  Indeed, upon further information and belief, other contractors who were formerly contracted with BMF are either planning to or are currently engaged in performing work at the Project premises directly for Energy Vault.

24. BMF has made presentment and demand on Defendants, but the amounts due and owing remain unpaid.

### IV. CAUSES OF ACTION

**Count 1 – Foreclosure of Mechanic's Lien Claims**

25. Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1 through 24 of the Amended Complaint as if fully set forth herein.

26. Defendants are the owners or purported owners of the real property where the Project is located in Scurry County, Texas. Plaintiff provided the goods and services to the Defendants on the real property located in Scurry County, Texas. Defendants failed to pay for the goods and services Plaintiff provided. Plaintiff has perfected its statutory lien claim and asserted a constitutional lien claim in the real property located in Scurry County, Texas as evidenced in the Lien Claim Affidavits and the Statutory Notices attached hereto as **Exhibit "B"** and incorporated by reference herein. This suit is brought within one year after the last day Plaintiff could file a lien against the Defendants' real property interests. TEX. PROP. CODE § 53.158. Accordingly, Plaintiff seeks to enforce and foreclose its perfected lien claims against Defendants' interests in the real property pursuant to TEX. PROP. CODE § 53, *et seq*. To the extent that Defendants assert that BMF only had privity of contract with Energy Vault, the alleged tenant of the Project premises, BMF asserts that Energy Vault's lease is a sham contract and that BMF is entitled to all lien rights of an original contractor in direct privity with Cross Trails pursuant to TEX. PROP. CODE § 53.026.

**Count 2 – Breach of Contract**
**(Against Energy Vault)**

27. Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1 through 26 of the Amended Complaint as if fully set forth herein.

28. A valid enforceable contract exists between BMF and Energy Vault. BMF fully performed under the Agreement by providing the goods and services agreed upon and invoicing for said goods and service as agreed. Energy Vault has breached the contract by failing to pay for the goods and services provided as agreed. Energy Vaults' breach of the contract has caused BMF actual damages for which it now sues.

### Count 3 – Violation of the Prompt Payment Act

29. Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30. Additionally, or in the alternative, upon information and belief, Energy Vault and Cross Trails are one in the same and both sought, acquired and benefitted from the goods and services provided by BMF for the Project. Under Chapter 28 of the Texas Property Code ("Prompt Payment Act"), Defendants were required to pay BMF not later than 35 days after Defendants' receipt of BMF's written request for payment. BMF made several written requests for payment. *See* Ex. B. Defendants' failure to pay BMF constitutes a violation of the Prompt Payment Act. As a result, BMF is entitled to recover one and one-half percent (1.5%) interest per month on the amounts owing beginning the day after the date each payment become due.

### Count 4 – Quantum Meruit

31. Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1 through 30 of the Amended Complaint as if fully set forth herein.

32. Additionally, or in the alternative, upon information and belief, Energy Vault and Cross Trails are one in the same and both sought, acquired and benefitted from the goods and services provided by BMF for the Project. Defendants accepted goods and/or services from BMF without compensating BMF, with full knowledge and acceptance of BMF's reasonable expectation

that it would be paid. Accordingly, BMF is entitled to recover from Defendants the full amounts prayed for herein under the doctrine of quantum meruit, for which it now sues.

### Count 5 – Promissory Estoppel

33. Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1 through 32 of the Amended Complaint as if fully set forth herein.

34. Additionally, or in the alternative, upon information and belief, Energy Vault and Cross Trails are one in the same and both sought, acquired and benefitted from the goods and services provided by BMF for the Project. Defendants promised BMF that it would tender payment for the goods and services BMF provided pursuant to the contract. BMF relied upon Defendants' promise to pay for same when it provided said goods and services to Defendants. BMF has not been paid for the full amount of goods and services ordered by Defendants and has suffered damages as a result. Defendants reasonably expected BMF to rely on Defendants' promise to pay and in fact did rely on Defendants' promise to pay. Accordingly, BMF is entitled to recover from Defendants the full amounts prayed for herein under the doctrine of promissory estoppel, for which it now sues.

### Count 6 – Unjust Enrichment

35. Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1 through 34 of the Amended Complaint as if fully set forth herein.

36. Additionally, or in the alternative, upon information and belief, Energy Vault and Cross Trails are one in the same and both sought, acquired and benefitted from the goods and services provided by BMF for the Project. The failure to allow BMF to recover for the reasonable value of its work and materials, the benefit of which Defendants have willingly accepted but refused to pay for, would result in unjust enrichment to Defendants. Defendants are liable to BMF

for the reasonable value of the materials and labor BMF furnished to Defendants for which BMF has not been paid, for which it now sues.

## V. ATTORNEY'S FEES

37. As a result of the failure to pay the claim, BMF has been required to retain the undersigned legal counsel to bring this suit. BMF hereby seeks and is entitled to recover its reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, *et. seq.* and the Texas Property Code.

## VI. INTEREST

38. BMF is entitled to recover all pre-judgment and post-judgment legal and equitable interest at the highest rate allowed pursuant to applicable law.

## VII. ALTERNATIVE PLEADING

39. Pursuant to FED. R. CIV. P. 8(a)(3), all of BMF's claims as pleaded herein are pled in the alternative.

## PRAYER

For the foregoing reasons, Plaintiff BMF Group, Inc. d/b/a BMF Industries asks that Plaintiff be awarded a judgment against Defendants, jointly and severally, for the following:

a. Actual damages;

b. All recoverable pre- judgment and post- judgment interest;

c. Foreclosure of BMF's mechanic's lien claims;

d. Court costs and attorney fees;

e. All other relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

**DYKEMA GOSSETT, PLLC**

By: */s/ Isaac Villarreal*
**Isaac Villarreal**
Texas Bar No. 24054553
ivillarreal@dykema.com
**Amanda D. Gordon**
Texas Bar No. 24103737
agordon@dykema.com
**Stephanie Sepulveda**
Texas Bar No. 24106418
ssepulveda@dykema.com
5 Houston Center
1401 McKinney Street, Suite 1625
Houston, Texas 77010
Tel.:(713) 904-6900
Fax (866) 574-8906

- and -

**Brandy R. Manning**
State Bar No. 24029703
BManning@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 698-7812
Facsimile: (214) 698-4200

**ATTORNEYS FOR PLAINTIFF
BMF GROUP, LLC d/b/a BMF INDUSTRIES**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has bene served via CM/ECF upon all counsel of record on this 26th day of October, 2023 in accordance with the Federal Rules of Civil Procedures.

*/s/ Isaac Villarreal*
Isaac Villarreal